1
2
3
4
5
6
7
8                     UNITED STATES DISTRICT COURT

9                    EASTERN DISTRICT OF CALIFORNIA

10

11   MIRANDA MARSHALL,                    Case No. 1:24-cv-01167-KES-EPG

12              Plaintiff,                SCREENING ORDER DIRECTING
                                          PLAINTIFF TO:
13       v.
                                          (1) FILE A FIRST AMENDED
14   ASHLYN T. BERT DOWLING, *et al.*,    COMPLAINT; OR

15              Defendants.               (2) NOTIFY THE COURT THAT PLAINTIFF
                                          WANTS TO STAND ON THE COMPLAINT
16
                                          (ECF No. 1)
17
                                          THIRTY (30) DAY DEADLINE
18

19

20          Plaintiff Miranda Marshall proceeds *pro se* and *in forma pauperis* in this civil action.

21   (ECF Nos. 1, 4). Although it is difficult to understand, the complaint appears to allege that items

22   were stolen from Plaintiff.

23          The Court finds that Plaintiff's complaint violates Federal Rule of Civil Procedure 8(a)

24   and there appears to be no basis for subject-matter jurisdiction. Plaintiff now has options as to

25   how to move forward. Plaintiff may file an amended complaint, if Plaintiff believes that

26   additional facts would a state cognizable claim. If Plaintiff files an amended complaint, the Court

27   will screen that amended complaint in due course.

28

                                         1

Alternatively, Plaintiff may file a statement with the Court that Plaintiff wants to stand on this complaint and have it reviewed by the district judge, in which case the Court will issue findings and recommendations to a district judge consistent with this order.

## I.    SCREENING REQUIREMENT

As Plaintiff is proceeding *in forma pauperis*, the Court screens the complaint under 28 U.S.C. § 1915. (ECF No. 4). The Court must dismiss a case that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i-iii).

A complaint is required to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). A plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570). The mere possibility of misconduct falls short of meeting this plausibility standard. *Id.* at 679. While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences." *Doe I v. Wal-Mart Stores, Inc.*, 572 F.3d 677, 681 (9th Cir. 2009) (citation and internal quotation marks omitted). Additionally, a plaintiff's legal conclusions are not accepted as true. *Iqbal*, 556 U.S. at 678.

Pleadings of *pro se* plaintiffs "must be held to less stringent standards than formal pleadings drafted by lawyers." *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (holding that *pro se* complaints should continue to be liberally construed after *Iqbal*).

## II.    SUMMARY OF PLAINTIFF'S COMPLAINT

Plaintiff lists five Defendants in the caption of the complaint: (1) Ashlyn T. Bert Dowling; (2) Keith Travelle Knox; (3) Kaytonja Bert; (4) Kelisa Ellis; and (5) Lascious Carter, Sr.[1] Because Defendant Carter is not listed on the docket, the Court will direct the Clerk of Court to update the docket.

---

[1] Plaintiff's handwriting is sometimes difficult to read. The Court has summarized Plaintiff's allegations as best as it can understand them. Further, for readability, minor alterations have been made to quotations, such as changing capitalization, without indicating each change.

Plaintiff uses a standard complaint form, checking federal question for the basis of jurisdiction. However, Plaintiff fails to fill out the space on the form to explain the basis of federal question jurisdiction.

Further, Plaintiff lists Plaintiff's citizenship, along with two Defendants, as California, under the section of the form for diversity of citizenship.[2] Under the amount-in-controversy portion of the form, Plaintiff lists various items, often with a corresponding price, and uses the phrase "items stolen," *e.g.*, Impala $1000-$2000, jewelry $300, food $1000, *etc.*

Under the statement of claim, Plaintiff indicates that Defendant Ashlyn T. Bert Dowling is a con artist, prostitute, thief, and poisoner. In what may be additional factual allegations, Plaintiff writes in the margin of the complaint, "sedated by Ashlyn," "abuse," "video sent to me by herself," and "now compromised by her."

In the relief section of the complaint, Plaintiff indicates, among other things, that Plaintiff has suffered psychological trauma, lost wages, and had money stolen. This section also states, "Her and Mr. Keith Travelle Knox played in group hate game."

### III.    ANALYSIS OF PLAINTIFF'S COMPLAINT

#### A.    Rule 8(a)

As set forth above, Rule 8(a) of the Federal Rules of Civil Procedure requires a complaint to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Although a complaint is not required to include detailed factual allegations, it must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). It must also contain "sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively." *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011). Moreover, Plaintiff must demonstrate that each named defendant personally participated in the deprivation of Plaintiff's rights. *Iqbal*, 556 U.S. at 676-77.

Plaintiff's complaint is not a short and plain statement of claim. It is not clear what Plaintiff alleges and against whom. For example, to the extent that Plaintiff alleges the theft of any personal items, it is not clear who committed the theft. Notably, Plaintiff does not specify

---

[2] Plaintiff fails to provide the citizenship for the other Defendants.

1   which, if any, Defendant stole anything from Plaintiff, the circumstances surrounding any theft,

2   and how such theft implicates any cognizable legal claim. Accordingly, the Court finds that

3   Plaintiff's complaint fails to comply with Rule 8(a).

4              **B.      Lack of subject-matter jurisdiction**

5        As best as the Court can tell, Plaintiff's primary contention is that some Defendant has

6   stolen from Plaintiff. But it does not appear that the Court has subject-matter jurisdiction over

7   such a claim.

8        "Federal courts are courts of limited jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of*

9   *Am.*, 511 U.S. 375, 377 (1994). "Article III, § 2, of the Constitution delineates [t]he character of

10  the controversies over which federal judicial authority may extend.  And lower federal-court

11  jurisdiction is further limited to those subjects encompassed within a statutory grant of

12  jurisdiction.  Accordingly, the district courts may not exercise jurisdiction absent a statutory

13  basis." *Home Depot U.S.A., Inc. v. Jackson*, 587 U.S. 435, 437 (2019) (alteration in original)

14  (citations and internal quotation marks omitted).

15          In 28 U.S.C. §§ 1331 and 1332(a), Congress granted federal courts jurisdiction
            over two general types of cases: cases that aris[e] under federal law and cases in
16          which the amount in controversy exceeds $ 75,000 and there is diversity of
            citizenship among the parties. These jurisdictional grants are known as federal-
17          question jurisdiction and diversity jurisdiction, respectively. Each serves a distinct
            purpose: Federal-question jurisdiction affords parties a federal forum in which to
18          vindicate federal rights, whereas diversity jurisdiction provides a neutral forum for
            parties from different States.
19

20  *Id.* at 437-38 (alteration in original) (citations and internal quotation marks omitted). A plaintiff

21  "properly invokes" subject-matter jurisdiction under § 1331 when the plaintiff "pleads a colorable

22  claim arising under the Constitution or laws of the United States." *Arbaugh v. Y&H Corp.*, 546

23  U.S. 500, 513 (2006) (internal quotation marks and citation omitted).

24       Here, Plaintiff indicates that the basis for jurisdiction is federal law but fails to reasonably

25  implicate any Federal constitutional right or statute. Moreover, to the extent that Plaintiff intends

26  to assert that the parties' citizenship is diverse, all the addresses provided for the parties are in

27  California and the amount in controversy does not appear to exceed $75,000.

\\\

28

4

1

## IV.   CONCLUSION AND ORDER

2

The Court finds that Plaintiff's complaint fails to comply with Rule 8(a) and there appears

3

to be no basis for subject-matter jurisdiction.

4

Under Rule 15(a)(2) of the Federal Rules of Civil Procedure, "the court should freely give

5

leave [to amend] when justice so requires." Accordingly, the Court will provide Plaintiff with

6

time to file an amended complaint curing the deficiencies identified above. *Lopez v. Smith*, 203

7

F.3d 1122, 1126-30 (9th Cir. 2000). Plaintiff is granted leave to file an amended complaint within

8

thirty days.

9

If Plaintiff chooses to file an amended complaint, the amended complaint must allege

10

violations under the law as discussed above. Plaintiff should note that although Plaintiff has been

11

given the opportunity to amend, it is not for the purpose of changing the nature of this suit or

12

adding unrelated claims. *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot"

complaints).

13

Plaintiff is advised that an amended complaint supersedes the original complaint, *Lacey v.*

14

*Maricopa County*, 693 F.3d. 896, 907 n.1 (9th Cir. 2012) (*en banc*), and must be complete in

15

itself without reference to the prior or superseded pleading, Local Rule 220. Therefore, in an

16

amended complaint, as in an original complaint, each claim and the involvement of each

17

defendant must be sufficiently alleged. The amended complaint should be clearly and boldly

18

titled "First Amended Complaint," refer to the appropriate case number, and be an original signed

19

under penalty of perjury.

20

Alternatively, Plaintiff may choose to stand on this complaint, in which case the Court

21

will issue findings and recommendations to a district judge recommending dismissal of the action

22

consistent with this order.

23

Based on the foregoing, IT IS ORDERED that:

1. The Clerk of Court shall add Lascious Carter, Sr. as a defendant on the docket.

24

2. The Clerk of Court is directed to send Plaintiff a civil complaint form (Pro Se 1 Form).

25

3. Within thirty (30) days from the date of service of this order, Plaintiff shall either:

26

a.      File a First Amended Complaint; or

27

b.      Notify the Court in writing that Plaintiff wants to stand on the complaint.

28

5

4.  Should Plaintiff choose to amend the complaint, Plaintiff shall caption the amended complaint "First Amended Complaint" and refer to the case number 1:24-cv-01167-KES-EPG.

**5.  <u>Failure to comply with this order may result in the dismissal of this action.</u>**

IT IS SO ORDERED.

Dated:   __**October 9, 2024**__                    ___/s/ _Erica P. Grosjean_____

                                           UNITED STATES MAGISTRATE JUDGE