UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MIRANDA MARSHALL,<br><br>    Plaintiff,<br><br>v.<br><br>ASHLYN T. BERT DOWLING, *et al.*,<br><br>    Defendants. | Case No. 1:24-cv-01167-KES-EPG<br><br>FINDINGS AND RECOMMENDATIONS, RECOMMENDING THAT THIS CASE BE DISMISSED, WITHOUT PREJUDICE, BECAUSE OF PLAINTIFF'S FAILURE TO (1) COMPLY WITH RULE 8(a); (2) ESTABLISH SUBJECT-MATTER JURISDICTION; (3) FOLLOW A COURT ORDER AND PROSECUTE THIS CASE; AND (4) UPDATE PLAINTIFF'S ADDRESS<br><br>(ECF No. 5)<br><br>OBJECTIONS, IF ANY, DUE WITHIN THIRTY DAYS |

    Plaintiff Miranda Marshall proceeds *pro se* and *in forma pauperis* in this civil action. (ECF Nos. 1, 4). Although it is difficult to understand, the complaint appears to allege that items were stolen from Plaintiff.

    On October 9, 2024, the Court screened the complaint and concluded that it violated Federal Rule of Civil Procedure 8(a) and lacked a basis for subject-matter jurisdiction. (ECF No. 5). The Court provided Plaintiff thirty days to (1) file an amended complaint or (2) file a statement with the Court that Plaintiff wanted to stand on the complaint and have it reviewed by the district judge. To date, Plaintiff has filed nothing. Moreover, mailings from the Court have been returned as undeliverable to the address that Plaintiff provided.

1

Accordingly, the Court will recommend that this case be dismissed, without prejudice, because of Plaintiff's failure to (1) comply with Rule 8(a); (2) establish subject-matter jurisdiction; (3) follow a court order and prosecute this case; and (4) update Plaintiff's address.

## I. SCREENING REQUIREMENT

As Plaintiff is proceeding *in forma pauperis*, the Court screens the complaint under 28 U.S.C. § 1915. (ECF No. 4). The Court must dismiss a case that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i-iii).

A complaint is required to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). A plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570). The mere possibility of misconduct falls short of meeting this plausibility standard. *Id.* at 679. While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences." *Doe I v. Wal-Mart Stores, Inc.*, 572 F.3d 677, 681 (9th Cir. 2009) (citation and internal quotation marks omitted). Additionally, a plaintiff's legal conclusions are not accepted as true. *Iqbal*, 556 U.S. at 678.

Pleadings of *pro se* plaintiffs "must be held to less stringent standards than formal pleadings drafted by lawyers." *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (holding that *pro se* complaints should continue to be liberally construed after *Iqbal*).

## II. SUMMARY OF PLAINTIFF'S COMPLAINT

Plaintiff lists five Defendants in the caption of the complaint: (1) Ashlyn T. Bert Dowling; (2) Keith Travelle Knox; (3) Kaytonja Bert; (4) Kelisa Ellis; and (5) Lascious Carter, Sr.[1]

Plaintiff uses a standard complaint form, checking federal question for the basis of jurisdiction. However, Plaintiff fails to fill out the space on the form to explain the basis of

---

[1] Plaintiff's handwriting is sometimes difficult to read. The Court has summarized Plaintiff's allegations as best as it can understand them. Further, for readability, minor alterations have been made to quotations, such as changing capitalization, without indicating each change.

federal question jurisdiction.

Further, Plaintiff lists Plaintiff's citizenship, along with two Defendants, as California, under the section of the form for diversity of citizenship.[2] Under the amount-in-controversy portion of the form, Plaintiff lists various items, often with a corresponding price, and uses the phrase "items stolen," *e.g.*, Impala $1000-$2000, jewelry $300, food $1000, *etc.*

Under the statement of claim, Plaintiff indicates that Defendant Ashlyn T. Bert Dowling is a con artist, prostitute, thief, and poisoner. In what may be additional factual allegations, Plaintiff writes in the margin of the complaint, "sedated by Ashlyn," "abuse," "video sent to me by herself," and "now compromised by her."

In the relief section of the complaint, Plaintiff indicates, among other things, that Plaintiff has suffered psychological trauma, lost wages, and had money stolen. This section also states, "Her and Mr. Keith Travelle Knox played in group hate game."

### III.     ANALYSIS OF PLAINTIFF'S COMPLAINT

#### A.     Rule 8(a)

As set forth above, Rule 8(a) of the Federal Rules of Civil Procedure requires a complaint to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Although a complaint is not required to include detailed factual allegations, it must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). It must also contain "sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively." *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011). Moreover, Plaintiff must demonstrate that each named defendant personally participated in the deprivation of Plaintiff's rights. *Iqbal*, 556 U.S. at 676-77.

Plaintiff's complaint is not a short and plain statement of claim. It is not clear what Plaintiff alleges and against whom. For example, to the extent that Plaintiff alleges the theft of any personal items, it is not clear who committed the theft. Notably, Plaintiff does not specify which, if any, Defendant stole anything from Plaintiff, the circumstances surrounding any theft, and how such theft implicates any cognizable legal claim.

---

[2] Plaintiff fails to provide the citizenship for the other Defendants.

3

Accordingly, the Court finds that Plaintiff's complaint fails to comply with Rule 8(a), which alone warrants dismissal.

### B. Lack of subject-matter jurisdiction

As best as the Court can tell, Plaintiff's primary contention is that some Defendant has stolen from Plaintiff. But it does not appear that the Court has subject-matter jurisdiction over such a claim.

"Federal courts are courts of limited jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). "Article III, § 2, of the Constitution delineates [t]he character of the controversies over which federal judicial authority may extend. And lower federal-court jurisdiction is further limited to those subjects encompassed within a statutory grant of jurisdiction. Accordingly, the district courts may not exercise jurisdiction absent a statutory basis." *Home Depot U.S.A., Inc. v. Jackson*, 587 U.S. 435, 437 (2019) (alteration in original) (citations and internal quotation marks omitted).

> In 28 U.S.C. §§ 1331 and 1332(a), Congress granted federal courts jurisdiction over two general types of cases: cases that aris[e] under federal law and cases in which the amount in controversy exceeds $ 75,000 and there is diversity of citizenship among the parties. These jurisdictional grants are known as federal-question jurisdiction and diversity jurisdiction, respectively. Each serves a distinct purpose: Federal-question jurisdiction affords parties a federal forum in which to vindicate federal rights, whereas diversity jurisdiction provides a neutral forum for parties from different States.

*Id.* at 437-38 (alteration in original) (citations and internal quotation marks omitted). A plaintiff "properly invokes" subject-matter jurisdiction under § 1331 when the plaintiff "pleads a colorable claim arising under the Constitution or laws of the United States." *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 513 (2006) (internal quotation marks and citation omitted).

Here, Plaintiff indicates that the basis for jurisdiction is federal law but fails to reasonably implicate any Federal constitutional right or statute. Moreover, to the extent that Plaintiff intends to assert that the parties' citizenship is diverse, all the addresses provided for the parties are in California and the amount in controversy does not appear to exceed $75,000. Thus, Plaintiff fails to establish the Court's subject-matter jurisdiction over this case.

Accordingly, this provides another basis for dismissal.

### IV. FAILURE TO FOLLOW COURT ORDERS AND PROSECUTE

Plaintiff has failed to comply with the Court's order to file an amended complaint or to file a statement to stand on the initial complaint. (ECF No. 5). Likewise, Plaintiff has failed to file anything since initiating this case on September 18, 2024, which coupled with Plaintiff's failure to update Plaintiff's address (as discussed below), indicates that Plaintiff does not intend to prosecute this case.

"In determining whether to dismiss a[n] [action] for failure to prosecute or failure to comply with a court order, the Court must weigh the following factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to defendants/respondents; (4) the availability of less drastic alternatives; and (5) the public policy favoring disposition of cases on their merits." *Pagtalunan v. Galaza*, 291 F.3d 639, 642 (9th Cir. 2002) (citing *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992)).

"'The public's interest in expeditious resolution of litigation always favors dismissal.'" *Id.* (quoting *Yourish v. California Amplifier*, 191 F.3d 983, 990 (9th Cir. 1999)). Accordingly, this factor weighs in favor of dismissal.

As to the Court's need to manage its docket, "[t]he trial judge is in the best position to determine whether the delay in a particular case interferes with docket management and the public interest. . . . It is incumbent upon the Court to manage its docket without being subject to routine noncompliance of litigants. . . ." *Id.* Plaintiff has failed to respond to the Court's screening order and this failure is delaying this case and interfering with docket management. Importantly, the Court cannot proceed without any indication of whether Plaintiff intends to prosecute this case. Therefore, the second factor weighs in favor of dismissal.

Turning to the risk of prejudice, "pendency of a lawsuit is not sufficiently prejudicial in and of itself to warrant dismissal." *Id.* (citing *Yourish*, 191 F.3d at 991). However, "delay inherently increases the risk that witnesses' memories will fade and evidence will become stale," *id.* at 643, and it is Plaintiff's failure to respond to the screening order and otherwise prosecute this case that is causing delay. Therefore, the third factor weighs in favor of dismissal.

As for the availability of lesser sanctions, given that Plaintiff has stopped prosecuting this case, despite being warned of possible dismissal, there is little available to the Court which would

constitute a satisfactory lesser sanction while protecting the Court from further unnecessary expenditure of its scarce resources. Considering Plaintiff's *in forma pauperis* status, it appears that monetary sanctions are of little use. And as Plaintiff has stopped prosecuting this case, excluding evidence would be a meaningless sanction. Additionally, because the dismissal being considered in this case is without prejudice, the Court is stopping short of using the harshest possible sanction of dismissal with prejudice.

Finally, because public policy favors disposition on the merits, this factor weighs against dismissal. *Id.*

After weighing the factors, the Court finds that Plaintiff's failure to comply with a court order and prosecute this case provides another basis for dismissal.

## V. FAILURE TO UPDATE ADDRESS

This case was transferred from the Sacramento Division on October 2, 2024. (ECF No. 3). However, that order was returned as "undeliverable" on October 15, 2024, with a notation that Plaintiff was "no longer at address." (October 15, 2024 docket entry) (minor alterations). Likewise, the Court's October 9, 2024 screening order was returned as "undeliverable" on December 9, 2024, with a notation that Plaintiff was "not at this address." (December 9, 2024 docket entry) (minor alterations). The Court's Local Rules provide as follows:

> A party appearing in propria persona shall keep the Court and opposing parties advised as to his or her current address. If mail directed to a plaintiff in propria persona by the Clerk is returned by the U.S. Postal Service, and if such plaintiff fails to notify the Court and opposing parties within sixty-three (63) days thereafter of a current address, the Court may dismiss the action without prejudice for failure to prosecute.

Local Rule 183(b).

More than sixty-three days have expired since the first returned mailing, and Plaintiff has failed to provide an updated address. Therefore, Plaintiff's failure to update Plaintiff's address provides another basis for dismissal.

\\\
\\\
\\\
\\\

6

## VI. CONCLUSION AND RECOMMENDATIONS

Based on the foregoing, IT IS RECOMMENDED that:

1. This case be dismissed, without prejudice, because of Plaintiff's failure to (1) comply with Rule 8(a); (2) establish subject-matter jurisdiction; (3) follow a court order and prosecute this case; and (4) update Plaintiff's address.

2. The Clerk of Court be directed to close this case.

These findings and recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1). Within thirty (30) days after being served with these findings and recommendations, Plaintiff may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any objections shall be limited to no more than fifteen (15) pages, including exhibits.

Plaintiff is advised that failure to file objections within the specified time may result in the waiver of rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **December 20, 2024**              /s/ Erica P. Grosjean
                                          UNITED STATES MAGISTRATE JUDGE

7